RECEIVED
IN ALEXANDRIA, LA

FEB 10 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TERRY ALLEN PATTERSON          CIVIL ACTION NO. 09-1957
    FED. REG. # 03779-078
VS.                            SECTION P

                               JUDGE DRELL

WARDEN JOE KEFFER, ET AL.      MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

On November 17 2009, *pro* se plaintiff Terry Allen Patterson,
proceeding *in forma pauperis*, filed the instant complaint seeking
relief under the Federal Torts Claims Act and/or <u>Bivens v. Six
Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388,
91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff is an inmate in
*the* custody of the Federal Bureau of Prisons (BOP); he is
incarcerated at the United States Penitentiary, Florence,
Colorado, however, he seeks compensatory and punitive damages for
the loss of personal property while he was incarcerated at the
United States Penitentiary (USP), Pollock, Louisiana.  He named
the BOP, USP Pollock Warden Joe Keffer, and Corrections Officer
Stockton as defendants.

This matter has been referred to the undersigned for review,
report, and recommendation in accordance with the provisions of
28 U.S.C. §636 and the standing orders of the Court. For the
following reasons it is recommended that the complaint, insofar
as it arises under the FTCA, be **DISMISSED WITH PREJUDICE** because

the United States is immune from such suit, and, that his complaint, insofar is it arises under <u>Bivens</u> be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff is an inmate in the custody of the BOP. On February 21, 2008 he was incarcerated at the USP Pollock, Louisiana. On that date he was placed in the Special Housing Unit or SHU. Corrections Officer Stockton was responsible for packing and securing plaintiff's personal property; however, he failed to do so and all of plaintiff's personal property was allegedly stolen by other inmates. According to plaintiff, Warden Keffer is responsible for his staff, including Corrections Officer Stockton, and the BOP is responsible for Keffer and Stockton.

On some unspecified date plaintiff submitted a Tort Claim under the Federal Torts Claim Act. The claim was assigned case number TRT-SCR-2008-05843 and was apparently denied on some unspecified date.

Plaintiff filed the instant complaint on November 17, 2009 naming the BOP, Warden Keffer, and Corrections Officer Stockton as defendants. He prayed for compensatory and punitive damages.

### *Law and Analysis*

#### *1. Screening*

When a prisoner files a complaint in a civil action seeking

2

redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and

3

may not simply rely on conclusory allegations. <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaint and exhibits present the best case which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff's complaint must be dismissed with prejudice.

## 2. Federal Torts Claims Act

Plaintiff utilized the form provided to prisoners for filing *pro se* civil rights complaints; however, it appears that he exhausted administrative remedies pursuant to the Federal Torts Claims Act and not the BOP's administrative remedy procedures. [See rec. doc. 1, ¶II]

Petitioner seeks an award of compensatory and punitive damages based on the negligence of a BOP employee who failed to properly secure plaintiff's property which had been entrusted to him for that purpose. As a result of the Corrections Officer's negligence, plaintiff's personal property was stolen by other inmates. Plaintiff has sued the BOP, Warden Keffer, and the

4

offending Corrections Officer. Of course, the proper defendant
in a FTCA case is the United States and not a federal agency
such as the BOP or its employees. Kennedy v. Texas Utilities,
179 F.3d 258, 261 n. 5 (5th Cir.1999); McGuire v. Turnbo, 137
F.3d 321, 324 (5th Cir.1998); Atorie Air, Inc. v. FAA, 942 F.2d
954, 957 (5th Cir.1991).

The FTCA creates "a limited waiver of sovereign immunity
making the United States liable to the same extent as private
parties for certain torts of federal employees acting within the
scope of their employment." Montoya-Ortiz v. Brown, 154 Fed.
Appx. 437, 439-40 (5th Cir.2005) (citing Unites States v.
Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390
(1976); 28 U.S.C. § 1346(b)). However, Title 28 U.S.C. §2680(c)
provides that "[t]he provisions of [the FTCA] shall not apply to
... any claim arising in respect of ... the detention of any
goods, merchandise, or other property by any officer of customs
or excise or any other law enforcement officer...."

The Fifth Circuit has held that BOP employees are "law
enforcement officer[s]" for purposes of Section 2680(c). Chapa
v. United States Dep't of Just., 339 F.3d 388, 390 (5th
Cir.2003). The Fifth Circuit has also determined that when the
BOP takes temporary custody of a prisoner's property pending

5

transfer or relocation, that act amounts to a "detention" for purposes of Section 2680. <u>Chapa v. United States Dep't of Just.</u>, 339 F.3d at 390-91 (5th Cir.2003).

The Supreme Court subsequently approved of the reasoning in <u>Chapa</u>, <i>supra</i>. In <u>Ali v. Fed. Bureau of Prisons</u>, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008), the Supreme Court affirmed the dismissal for lack of subject matter jurisdiction of a FTCA claim filed by a federal prisoner seeking to recover damages for personal property lost during his transfer from one correctional facility to another. In holding that the plaintiff's claim was barred by the Section 2680(c) exception, the Court confirmed that the phrase "any other law enforcement officer" included BOP officers. <u>Ali</u>, 128 S.Ct. at 835-41.

Clearly, based on the foregoing, this court lacks jurisdiction to adjudicate plaintiff's lost property claim under the FTCA since pursuant to 28 U.S.C. §2680(c), the United States retains sovereign immunity with regard to such suits.

### 3. *Bivens/Civil Rights Claim*

Petitioner may contend that his claim arises, not under the FTCA, but rather as a civil rights action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In <u>Bivens</u>, the Supreme Court recognized that certain circumstances may give

6

rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. The employees of the BOP are agents or employees of the federal government.

Plaintiff contends that his property was lost because Corrections Officer Stockton, who was "responsible to pack all [plaintiff's] property and to secure his property as well... failed to secure [plaintiff's] property..." Plaintiff thus contends that Stockton's negligence resulted in plaintiff's loss. However, the negligent deprivation of property by a federal employee can never constitute a deprivation of due process or the violation of any other right or privilege guaranteed by the Constitution or laws of the United States.  See Daniels v. Williams, 474 U.S. 327, 333-34 (1986); Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 69-70, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (purpose of Bivens is to deter federal agents from unconstitutional conduct); Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 (5th Cir.1993) (negligent conduct does not give rise to a Bivens claim); Williamson v. U.S. Dep't of Agric., 815 F.2d 368, 381 (5th Cir.1987)(Bivens limits recovery to intentional deprivations of constitutional rights). Thus, even if the complaint arises under Bivens, it must be dismissed for failure to state a claim for which relief may be granted.

**4. Conclusion and Recommendation**

7

Plaintiff's claim under the FTCA is barred by 28 U.S.C. §2680(c); his suit against the United States must be dismissed for lack of jurisdiction because the United States retains sovereign immunity from such a suit. Additionally, plaintiff's complaint, insofar as it faults the defendants for negligence, fails to state a claim for which relief may be given under Bivens.

Therefore,

**IT IS RECOMMENDED** that plaintiff's FTCA complaint be **DISMISSED WITH PREJUDICE** because he has sued a defendant who is immune from suit; and that his Bivens complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

8

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana,

_____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9